UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NATIONWIDE JUDGMENT RECOVERY, INC., :
:
                    Plaintiff, :     21-MC-00114-P1-JGK-OTW
:
                  -against- :     **ORDER TO TRANSFER**
:
SHENG FENG SONG, :
:
                  Defendant. :
:
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

In this miscellaneous action to register a federal judgment under 28 U.S.C. § 1963, Defendant Sheng Feng Song has filed an Order to Show Cause styled as a putative Rule 60(b) motion. (ECF 12, 13). Defendant argues that the judgment court, the Western District of North Carolina, lacked personal jurisdiction over him when it entered a judgment of $6,760.94 against him in a class action arising from an SEC Receivership, *Orso v. Disner, et al.*, No. 3:14-CV-91 (Feb. 28, 2014) (ECF No. 1) ("Net Winner Class Action").[1] I have reviewed Defendant's submissions and Plaintiff's response (ECF 5, 12, 13, 22) and conclude that this case should be transferred to the Western District of North Carolina.

ZeekRewards, located in Lexington, North Carolina, was a division of Zeekler.com, a penny auction website that offered items ranging from personal electronics to cash. *Bell v.*

---

[1] The Western District of North Carolina certified a defendant class of Net Winners, which included Song, appointed class counsel, and ultimately entered a Final Judgment against Song (and thousands of others) in the amount of his "winnings" in the Ponzi scheme. *Id.*, ECF No. 128, 179-2 at p.5499.

1

*Disner*,[2] No. 3:14-CV-91, 2015 WL 540552, at *1 (W.D.N.C. Feb. 10, 2015), *aff'd sub nom. Bell v. Brockett*, 922 F.3d 502 (4th Cir. 2019). The Receivership Defendants[3] solicited investors in ZeekRewards by offering them false opportunities to earn money. *Id.* It was a Ponzi scheme. On November 29, 2016, the Western District of North Carolina found that the Court-appointed Receiver was entitled to recover all funds transferred to the Net Winner Class—a group of individuals comprised of all persons or entities who were "Net Winners" in ZeekRewards of more than $1,000. *Id.* The Receiver sought a final judgment against each Net Winner class member in an amount to be determined by their respective net winnings. *See* Net Winner Class Action, ECF No. 144. Defendant was identified as one of 14,700 winners in the scheme, having received $6,760.94. *See* Net Winner Class Action, ECF No. 179-1 at 83, p.5499.

I. Analysis

As Plaintiff highlights, the Western District of North Carolina is the appropriate venue for this motion.[4] (ECF 22 at 11). The SEC Receivership in the Western District of North Carolina involved thousands of parties and had been pending since 2012. The Western District of North Carolina—having managed the Receivership and the class action—is significantly more familiar

---

[2] On June 11, 2019, the case caption was amended to reflect the Plaintiff as Matthew E. Orso, in his capacity as court-appointed Successor Receiver for Rex Venture Group, LLC ("RVG") d/b/a/ ZeekRewards.com. *See* Net Winner Class Action, ECF No. 255.

[3] "Receivership Defendants" refer to RVG and Paul R. Burks, per the SEC's original Complaint. *See S.E.C. v. REX Venture Group, LLC, et al.*, No. 3:12-CV-519 (Aug. 17, 2012) Compl., ECF No. 2 at ¶ 13.

[4] While Plaintiff may choose to register the judgment under 28 U.S.C. § 1963 in the S.D.N.Y., counsel could have also obtained an Order from the judgment court pursuant to 28 U.S.C. § 2413. "Execution under federal execution statute, 28 U.S.C. § 2413, is available without any local registration requirement and may be accomplished as soon as possible under local practice following issuance of judgment without waiting for the expiration of appellate rights." *United States v. Palmer*, 609 F. Supp. 544 (E.D. Tenn. 1985) (citing *In re: Professional Air Traffic Controllers Organization*, 699 F.2d 539, 545 (D.C.Cir.1983)).


with the facts and the law at issue here.[5] *Convington Industries, Inc v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir. 1980) ("Although Rule 60(b) does not specify the correct forum for presenting a motion . . . the motion is generally brought in the district court rendering judgment," because, "[i]n the usual case, the court of rendition will be more familiar with the facts than the court of registration and perhaps more conversant with the applicable law"); *see also U.S. for Use and Benefit of Mosher Steel Co. v. Fluor Corp.*, 436 F.2d 383, 385 (2d Cir. 1970).

## II. Conclusion

Accordingly, this matter is transferred to the Western District of North Carolina.

**SO ORDERED.**

Dated: July 5, 2022                              _s/ Ona T. Wang_
New York, New York                        **Ona T. Wang**
                                                    United States Magistrate Judge

---

[5] Notably, the Middle District of Florida has also recognized that the Western District of North Carolina is the proper venue for Net Winners to challenge final judgments in the Net Winner Class Action. *See Bell v. Woods*, No. 5:20-MC-10-JSM-PRL, 2022 WL 428440, at *4 (M.D. Fla. Jan. 7, 2022), *R&R adopted,* 2022 WL 425719 (M.D. Fla. Feb. 11, 2022), *appeal dismissed,* No. 22-10807-A, 2022 WL 2116040 (11th Cir. May 3, 2022) ("[Plaintiff] asserts that '[w]ell-established principles of comity counsel that the Western District of North Carolina–not the Middle District of Florida–should hear Woods' challenge, if he wishes to bring it there.' (Doc. 25, p.15). The Court agrees and should decline to entertain the challenge to the judgment.").